IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD W. ILLES, SR., M.D., :
    Plaintiff :
:
    vs. : CIVIL NO. 1:CV-09-1166
:
    (Judge Caldwell)
KEVIN DEPARLOS and :
STEVEN BLANK,   (Magistrate Judge Smyser)
    Defendants :

*M E M O R A N D U M*

We are considering the Report and Recommendation of the magistrate judge recommending that defendants summary judgment motion be granted in-part, and denied in-part. Both plaintiff, Richard W. Illes, and defendants, Kevin DeParlos and Steven Blank, object to various aspects of the report. Thus, we must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c). While both parties raise numerous issues, we conclude that defendants' objection concerning exhaustion of administrative remedies is dispositive, and thus we will sustain this objection and grant summary judgment in favor of defendants.[1]

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, we may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91

---

[1] We adopt those portions of the magistrate report which detail the factual and procedural background of this case. (*see* doc. 75.) We will discuss the remaining relevant facts as needed.

L.Ed.2d 265 (1986).  In reviewing the evidence, we must construe facts and inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 553 (1986).  Summary judgment must be entered for the moving party "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  *Id.* at 586-87 (citations omitted).

The moving party bears the initial responsibility of stating the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L.Ed.2d at 274.  It can discharge that burden by "showing . . . that there is an absence of evidence to support the nonmoving party's case."  *Id.* at 325, 106 S.Ct. at 2554, 91 L.Ed.2d at 275.

An issue is "genuine" "only if a reasonable jury, considering the evidence presented, could find for the nonmoving party."  *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211-12 (1986)).  A fact is "material" when it would affect the outcome of the trial under governing law.  *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211.

When a moving party has carried its burden, the burden shifts to the nonmoving party to demonstrate that an issue of material fact exists.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356, 89 L.Ed.2d at 552 (citations omitted).  The nonmoving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment," and cannot "simply reassert factually unsupported allegations contained in [the] pleadings."  *Williams v. Borough of*

2

*West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (citation omitted). "If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2511, 91 L.Ed.2d at 212 (citations omitted). Factual averments in briefs do not satisfy the nonmoving party's burden. *Harter v. GAF Corp.*, 967 F.2d 846, 852 (3d Cir. 1992).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983...or any other Federal Law, by a prisoner confined in any...correctional facility until such administrative remedies as are *available* are exhausted." 42 U.S.C. § 1997e(a)(emphasis added). Prisoners must exhaust all available administrative remedies before bringing a civil action in court. *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378 (2006). Exhaustion however is not required where grievance procedures are not available to an inmate. *Zimmerman v. Schaeffer*, 654 F.Supp.2d 226, 257-58 (M.D. Pa. 2009)(citing *Mitchell v. Horn*, 318 F.3d 523 (3d Cir. 2003)(administrative remedies are not "available" where prison officials deny an inmate the necessary grievance forms)).

Plaintiff was housed in the Lycoming County Prison's Special Management Unit ("SMU") during his PCRA hearings because the Warden concluded that he was a suicide risk. (doc. 68, ¶¶ 45-46.) He believes that his confinement in SMU was arbitrary, punitive, and based on previous incident at the prison, when in 2005 plaintiff was found unconscious in his cell because of a self-inflicted wound. (doc. 68, ¶ 20.) While housed in this unit, plaintiff alleges that he was denied access to writing implements, an inmate handbook, telephone privileges, and to his attorney.

The Lycoming County Prison Handbook details a three-step prison grievance process. First, an inmate may submit a written compliant to a shift Lieutenant or Sergeant who will when review the complaint. (doc. 68, Ex. A.) If a prisoner is not

3

satisfied with the decision of the Lieutenant or Sergeant, he may then submit a written complaint to the Deputy Warden or Warden. *Id.* Finally, an inmate may then appeal the Warden's decision by filing a written complaint with the Lycoming County Prison Board. *Id.* It is this final step that is at issue.

It is undisputed that plaintiff did not file a complaint with the Lycoming County Prison Board. Illes defends his actions by claiming that prison officials never provided him with a copy of the inmate handbook and that he was unaware of the requirement to file a complaint with the Lycoming County Prison Board. The magistrate judge found that a genuine issue of material fact existed on whether plaintiff was aware of the Lycoming County Prison's grievance procedure. (doc. 75). Defendants argue that the magistrate judge based this conclusion on plaintiff's unsubstantiated assertions that he did not receive an inmate handbook upon entering the prison. Defendants contend that the record shows that plaintiff filed, on March 27, 2009, one grievance with the Warden, wherein he argued that he should not be housed in the SMU. (doc. 68, ¶ 8.) However, after receiving the Deputy Warden's response, plaintiff did not file a complaint with the Lycoming County Prison Board, but rather brought the instant civil action in this court.

The issue we must examine is whether the facts demonstrate that the Lycoming County Prison's administrative procedures were "available" to the plaintiff. After review, we conclude that said procedures were available. Illes's own evidence contradicts his assertion that the procedures were unavailable to him. First, he was able to file a written grievance with the Warden disputing his placement in SMU. (doc. 71, admitting that he filed a complaint with the Warden.) Second, he acknowledges that prison officers informed him that he had to write to the Warden to contest his confinement. (doc. 38.) Finally, plaintiff does not deny that during his initial confinement

4

at the Lycoming County Prison from 2003 to 2004, while awaiting trial on murder charges, he was in possession of an inmate handbook that contained the relevant grievance procedure. (doc. 13, ¶ 25.) Regardless of whether he received a handbook or not, the undisputed evidence indicates that plaintiff was able to file a grievance with the Warden contesting his confinement in SMU, which indicates that Illes knew how to use the prison grievance system and that prison officials did not prevent him from filing a complaint. *See Meanor v. Wilcox*, 241 F.App'x 856 (finding prisoner was required to exhaust his administrative remedies even if he did not receive a copy of the inmate handbook). It is a factual issue whether or not plaintiff received the handbook, but this dispute is not an issue of material fact. Since plaintiff did not complete the grievance process, we find in defendants favor and will grant defendants' motion for summary judgment.

    We will issue an appropriate order.

                /s/William W. Caldwell
                William W. Caldwell
                United States District Judge

Date: March 9, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD W. ILLES, SR., M.D., :
    Plaintiff :
:
    vs. : CIVIL NO. 1:CV-09-1166
:
       (Judge Caldwell)
KEVIN DEPARLOS and :
STEVEN BLANK,   (Magistrate Judge Smyser)
    Defendants :

*O R D E R*

AND NOW, this 9th day of March, 2011, upon consideration of the Defendant's motion for summary judgment and review of the magistrate judge's report and recommendation, and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendants' motion for summary judgment (doc. 65) is granted.

    2. The Clerk of Court shall enter judgement in favor of defendants Kevin DeParlos and Steven Bank, and against plaintiff Richard W. Illes.

    3. Those portions of the magistrate judge's report, not inconsistent with the above analysis, are adopted.

    4. The Clerk of Court shall close this file.

                        /s/William W. Caldwell
                        William W. Caldwell
                        United States District Judge