UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD W. ILLES, SR., M.D., | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 1:09-CV-1166 |
| | : | |
| KEVIN DEPARLOS and STEVEN | : | |
| BLANK, | : | |
| Defendants | : | |

*M E M O R A N D U M*

I.      *Introduction*

On May 28, 2009, plaintiff, Richard W. Illes, filed a civil rights action

pursuant to 42 U.S.C. § 1983  against defendants, Kevin DeParlos and Steven Blank.

Defendants filed a motion for summary judgment on October 15, 2010.  Magistrate

Judge Smyser issued a Report and Recommendation on December 8, 2010,

recommending defendants' motion for summary judgment be granted in-part and denied

in-part.  We granted defendants' motion for summary judgment on March 9, 2011 for

failure to exhaust administrative remedies.  Plaintiff appealed our decision on April 1,

2011.  The Third Circuit vacated our order, finding that there was a genuine issue of

material fact as to whether plaintiff's failure to exhaust administrative remedies was

excused because they were unavailable to him.  (doc. 97, at 6).  The Court remanded

the case so that we may consider defendants' motion for summary judgment on the

remaining issues.

II.        *Background*

This case involves plaintiff's temporary confinement in the Lycoming County Prison, where he was housed during his PCRA proceedings.  These proceedings required plaintiff to stay in the county prison for six days from October 23, 2008 to October 29, 2008, for five days from December 11, 2008 and December 15, 2008, and for twenty-eight days from March 19, 2009 to April 17, 2009.  He was confined on these occasions to the Special Management Unit ("SMU") of the prison, even though he was a general population prisoner in the State Correctional Institution at Albion, where he was regularly housed.  Defendants assert that plaintiff was housed in the SMU as the result of a suicide attempt at the prison in 2004, which they believe was a possible escape attempt.  Plaintiff claims that his confinement in the SMU was a violation of his First, Sixth, Eighth, and Fourteenth Amendment rights.  A detailed account of the conditions in the SMU are set forth in the Report and Recommendation, which we need not repeat here.

III.       *Discussion*

A.  *Standard of Review*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, we may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91

L.Ed.2d 265 (1986).  In reviewing the evidence, we must construe facts and inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 553 (1986).  Summary judgment must be entered for the moving party "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.* at 586-87 (citations omitted).

The moving party bears the initial responsibility of stating the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L.Ed.2d at 274.  It can discharge that burden by "showing . . . that there is an absence of evidence to support the nonmoving party's case."  *Id.* at 325, 106 S.Ct. at 2554, 91 L.Ed.2d at 275.

An issue is "genuine" "only if a reasonable jury, considering the evidence presented, could find for the nonmoving party."  *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211-12 (1986)).  A fact is "material" when it would affect the outcome of the trial under governing law.  *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211.

When a moving party has carried its burden, the burden shifts to the nonmoving party to demonstrate that an issue of material fact exists.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the

material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356, 89 L.Ed.2d at 552 (citations omitted).  The nonmoving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment," and cannot "simply reassert factually unsupported allegations contained in [the] pleadings." *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (citation omitted).  "If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2511, 91 L.Ed.2d at 212 (citations omitted).  Factual averments in briefs do not satisfy the nonmoving party's burden. *Harter v. GAF Corp.*, 967 F.2d 846, 852 (3d Cir. 1992).

### B.  Request for Injunctive Relief

Magistrate Judge Smyser found plaintiff's request for injunctive relief moot and recommended it be denied.  Plaintiff argues that his request is not moot because he still has an appeal pending at the Superior Court and intends to file a Habeas Corpus petition in the District Court in Williamsport, which would likely require plaintiff to be housed at Lycoming County Prison, where he believes he would likely be placed in the SMU.  Defendants assert that plaintiff exhausted his appeals to the Pennsylvania Appellate Courts, his PCRA petition was denied, and as a result, there is no possibility that he will be housed at the Lycoming County Prison again.  Magistrate Judge Smyser found that plaintiff did not have a certain or likely return to confinement at the Lycoming County Prison and that there was no basis to believe that if he is returned to the prison that he will be placed in the SMU.  We agree with the magistrate judge's finding and

deny his request for injunctive relief as moot.

### C. Eighth Amendment Claim

The magistrate judge recommended that defendants' motion for summary judgment be granted for plaintiff's Eighth Amendment claim.  Plaintiff objects to this recommendation, arguing that there is a genuine issue of material fact regarding the conditions of the SMU.  Specifically, he asserts that a jury may find being denied out-of-cell exercise for a period of twenty-eight consecutive days to be unreasonable.  Plaintiff also argues that defendants' justifications for placing plaintiff in the SMU are pretextual, which he supports with evidence that the defendants were informed by SCI-Albion that Plaintiff was housed in general population, was not on suicide watch, and had not attempted escape.

In order to bring an Eighth Amendment claim against a prison official "(1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have a sufficiently culpable state of mind."  *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (citing *Farm v. Brennan*, 511 U.S. 825, 834, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994)).  The state of mind required in prison conditions cases is "deliberate indifference to inmate health or safety."  *Id.*  This is a subjective requirement that "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."  *Id.*

Even if defendants' reasons for housing plaintiff in the SMU were pretextual, we agree with the magistrate judge's conclusion that plaintiff presented

5

insufficient evidence to support an inference of deliberate indifference to a substantial

risk of serious harm to the plaintiff.  Defendants' motion for summary judgment on this

claim is denied.

*D.  First Amendment Claim and Denial of Access to the Courts*

Plaintiff alleges that he had no means of communicating because

defendants refused to allow him to have visitors, use the telephone, or have any writing

implements while housed in the SMU.  Plaintiff alleges that, as a result of these

conditions, defendants violated his First Amendment rights and denied him access to the

courts.  These allegations are set forth in Counts II and III of plaintiff's complaint.  Since

they largely overlap, we will discuss them together.  The magistrate judge found that

there was a genuine issue of material fact as to both claims and recommended that we

deny defendants' motion for summary judgment.

*1.  Access to the Courts*

Prisoners retain a right of access to the courts, but may only proceed on a

claim for denial of this right in cases challenging their sentences or conditions of

confinement.  *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008); *Lewis v. Casey*, 518

U.S. 343, 346, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).  A plaintiff must show an

actual injury to make a claim for lack of access to the courts.  *Christopher v. Harbury*,

536 U.S. 403, 415, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002).  An "actual injury" is the

loss of the ability to pursue a nonfrivolous claim.  *Monroe*, 536 F.3d at 205.  Plaintiff's

underlying claims involve the violation of his First and Eighth Amendment rights.  The inability to bring these claims amounts to an injury.

As the magistrate judge noted, defendants failed to address the factual merits of plaintiff's claim of having no access to writing materials or to a telephone.  They did not indicate whether these restrictions are a matter of policy or whether there was an individualized determination in plaintiff's case.

Defendants object to the magistrate judge's recommendation, because plaintiff had access to his attorney during court proceedings on October 24, 2008, March 20, 2009 and April 7, 2009.  They argue that plaintiff had the ability to discuss these claims with his attorney during these times.  In response, plaintiff points out that the attorney representing him for his PCRA hearings was not retained for challenging the conditions of his confinement.  Defendants also assert that the magistrate judge's report ignores the legitimate penological interest for limiting plaintiff's writing materials.  To the contrary, the report acknowledges that defendants "had a concern that [plaintiff] would attempt suicide and a concern that he would attempt to escape."  (doc. 75, at 17).

We agree with the magistrate judge's finding that there is a genuine issue of material fact as to whether defendant was denied access to the courts.  For this reason, defendants' motion for summary judgment on this claim is denied.

### 2. First Amendment

Plaintiff alleges in Count II of his complaint that his First Amendment rights were violated because he was not able to communicate with his lawyer, family members, or the court while housed at the SMU.

To determine whether a policy violates a prisoner's First Amendment rights, we use the "reasonableness" test adopted by the Supreme Court in *Turner v. Safley*, 482 U.S. 78, 84, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987). The first step requires us to determine whether there is a rational connection between the policy and the legitimate interest put forth to justify it. *Id.* If there is a rational relationship, we examine three factors: "(1) whether inmates retain alternative means of exercising the circumscribed right . . . (2) the burden on prison resources that would be imposed by accommodating the right and (3) whether there are alternatives to the regulation that fully accommodate[ ] the prisoner's rights at *de minimis* cost to valid penological objectives." *Monroe*, 536 F.3d at 207 (citing *Jones v. Brown*, 461 F.3d 353, 360 (3d Cir. 2006)).

The magistrate judge found that defendants failed to address plaintiff's claim that he was prevented from communicating with his family. Magistrate Judge Smyser also found that defendants failed to justify the total prohibition of communication and writing materials. Without this information, we agree with the magistrate judge that there is a genuine issue of material fact which precludes us from granting defendants' motion for summary judgment.

*E.  Defendants' Objection to the Magistrate Judge's Characterization of the Facts*

The magistrate judge described defendants' concerns that led them to place plaintiff in the SMU.  He described the strength of their rationale as "debatable." (doc. 75, at 15).  After independent review and careful consideration of the record, we find the characterization by the magistrate judge appropriate and defendants' objection unwarranted.


*IV.  Conclusion*

Plaintiff's request for injunctive relief is denied as moot.  We will grant defendants' motion for summary judgment for Count I of plaintiff's complaint and deny the motion for Counts II and III of plaintiff's complaint.

We will issue an appropriate order.


 /s/ William W. Caldwell
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD W. ILLES, SR., M.D., | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 1:09-CV-1166 |
| | : | |
| KEVIN DEPARLOS and STEVEN | : | |
| BLANK, | : | |
| Defendants | : | |

*O R D E R*

AND NOW, this 11th day of January, 2012, upon consideration of

Defendants' motion for summary judgment (Doc. 65) and review of the magistrate

judge's report and recommendation (Doc. 75), and pursuant to the accompanying

Memorandum, it is ORDERED that

1. The magistrate judge's report (Doc. 75) is adopted.

2. Defendants' motion for summary judgment (Doc. 65) is GRANTED for Count I of plaintiff's complaint and plaintiff's request for injunctive relief.

3. Defendants' motion for summary judgment (Doc. 65) is DENIED for Counts II and III of plaintiff's complaint.

4. Plaintiff's motion to schedule trial (Doc. 99) is GRANTED.  The case is placed on the August 2012 trial list, scheduling order to follow.

 /s/ William W. Caldwell
William W. Caldwell
United States District Judge